**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

(1) BOARD OF COUNTY COMMISSIONERS OF
HASKELL COUNTY,

        Plaintiff,

v.

(1) PURDUE PHARMA L.P.,
(2) PURDUE PHARMA INC.,
(3) THE PURDUE FREDERICK COMPANY,
(4) CEPHALON, INC.,
(5) TEVA PHARMACEUTICAL INDUSTRIES, LTD.,
(6) TEVA PHARMACEUTICALS USA, INC.,
(7) JANSSEN PHARMACEUTICALS, INC.,
(8) JOHNSON & JOHNSON,
(9) ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC.,
(10) JANSSEN PHARMACEUTICA, INC.,
(11) ENDO HEALTH SOLUTIONS INC.,
(12) ENDO PHARMACEUTICALS INC.,
(13) ALLERGAN PLC,
(14) ACTAVIS PLC
(15) ACTAVIS PHARMA, INC.,
(16) WATSON PHARMACEUTICAL, INC.
(17) WATSON PHARMA, INC.,
(18) WATSON LABORATORIES, INC.,
(19) ACTAVIS LLC,
(20) MALLINCKRODT PLC,
(21) MALLINCKRODT LLC,
(22) INSYS THERAPEUTIC, INC.,
(23) MCKESSON CORP.,
(24) CARDINAL HEALTH, INC.,
(25) AMERISOURCEBERGEN DRUG CORP.,
(26) ANDA PHARMACEUTICALS, INC.,
(27) ANDA, INC.,
(28) GCP PHARMA, LLC,
(29) KEYSOURCE MEDICAL, INC.,
(30) MORRIS & DICKSON CO, LLC,
(31) QUEST PHARMACEUTICALS, INC.,
(32) THE HARVARD DRUG GROUP, LLC,
(33) PHYSICIANS TOTAL CARE, INC.,
(34) CVS HEALTH CORPORATION,
(35) CVS PHARMACY, INC.,
(36) OKLAHOMA CVS PHARMACY, LLC,

Case No. _____19-cv-280-RAW_____

Haskell County District Court Case No.
CJ-2019-00008

Action Filed: February 25, 2019
Action Served: July 29, 2019

{S520450;}

(37) WALGREENS BOOTS ALLIANCE, INC. a/k/a
WALGREEN CO.,
(38) PERRY FINE, M.D., and
(39) LYNN WEBSTER, M.D.,

                    Defendants.


### DEFENDANT ACTAVIS PHARMA, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Actavis Pharma, Inc. ("Actavis Pharma") hereby give notice of removal of this action, captioned *Board of County Commissioners of Haskell County v. Purdue Pharma L.P. et al.*, bearing case number CJ-2019-8, from the District Court of Haskell County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma.   Pursuant to 28 U.S.C. § 1446(a), Actavis Pharma provides the following statement of the grounds for removal:

### INTRODUCTION

1.      This action is one of thousands of related lawsuits filed against manufacturers of FDA-approved prescription opioid medications and distributors of opioid products relating to alleged harms stemming from abuse of opioid medications.   On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Northern District of Ohio for cases just like this one, *i.e.*, cases in which plaintiffs allege that "(1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor . . . and report suspicious orders of prescription opiates."   *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (J.P.M.L. 2017).   As the JPML found in centralizing these cases, "centralization will substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting

rulings on pretrial motions.   Centralization will also allow a single transferee judge to coordinate with numerous cases pending in state courts."   *Id.* at 1379.   To date, nearly 2,000 actions have been transferred to the opiate MDL, with more (including this action) surely to follow.

2.     A common thread in many opioid-related cases against these same defendants is plaintiffs tacking on unrelated claims against a rotating cast of non-diverse defendants—local distributors, doctors, medical centers, and others—in an effort to destroy diversity jurisdiction. That is the case here.   Because none of the national pharmaceutical manufacturers, distributors, or physicians typically named in opioid-related cases is a citizen of Oklahoma, Plaintiff tacked on claims against two Oklahoma distributors.

3.     Federal jurisdiction cannot be so easily evaded.   Under settled precedent, when (as here) a plaintiff sues diverse defendants and includes materially distinct claims against one or more non-diverse defendants in an effort to destroy diversity, it is proper for courts to ignore the citizenship of the non-diverse defendants, sever them, and retain diversity jurisdiction over the diverse parties.

4.     Thus, the basis for removal here is materially identical to dozens of substantially similar opioid-related cases previously removed to federal court and transferred to the MDL: there is complete diversity of citizenship between the plaintiff, on the one hand, and the manufacturers and key opinion leader physicians, on the other.   The citizenship of the non-diverse distributors should be ignored because they are subject to severance under Rule 21 (because they are unnecessary and dispensable parties under Rule 19 as well as misjoined under Rule 20) and are fraudulently misjoined.

5.     As discussed more fully below, there is federal diversity jurisdiction as to all properly joined Defendants.   And, as numerous courts in opioid-related actions have recognized,

judicial economy would be furthered if all removal questions were addressed by the MDL Court. Indeed, the District Court for the Northern District of Oklahoma has stayed cases like this one to allow transfer to the MDL so that the MDL court can consider all Oklahoma remand motions together and alongside similar remand motions from plaintiffs in other jurisdictions.[1]   Courts in other jurisdictions similarly have stayed actions to allow the MDL court to consider remand motions.   *E.g.*, *Bd. of Cty. Commissioners of Seminole Cty., Oklahoma v. Purdue Pharma L.P.*, No. CIV-18-372-JWL, 2019 WL 1474397, at \*3 (E.D. Okla. Apr. 3, 2019); *Village of Melrose Park et al. v. Purdue Pharma L.P. et al.*, No. 1:18-cv-05288 (N.D. Ill.), Doc. 26 (Aug. 10, 2018

---

[1] Over the last year, fifteen substantially similar suits naming the same core group of defendants were removed to federal courts in Oklahoma and subsequently transferred to the opiate MDL. *See Bd. of Cty. Commissioners of Garvin Cty. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00820-HE (W.D. Okla.); *Bd. of Cty. Commissioners of Osage Cty. v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00461-GKF-JFJ (N.D. Okla.); *Bd. of Cty. Commissioners of Delaware Cty. v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00460-CVE-JFJ (N.D. Okla.); *Bd. of Cty. Commissioners of Pawnee Cty. v. Purdue Pharma L.P. et al.*, No. 4:19-cv-00459-GKF-FHM (N.D. Okla.); *Bd. of Cty. Commissioners of Ottawa Cty. v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00466-TCK-JFJ (N.D. Okla.); *Bd. of Cty. Commissioners of McClain Cty. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00857-HE (W.D. Okla.); *Bd. of Cty. Commissioners of Seminole Cty. v. Purdue Pharma L.P. et al.*, No. 6:18-cv-00372-JHP (E.D. Okla.); *Bd. of Cty. Commissioners of Tulsa Cty. v. Purdue Pharma L.P. et al.*, No. 4:19-cv-00205-GKF-FHM (N.D. Okla.); *City of Broken Arrow v. Purdue Pharma L.P. et al.*, No. 4:19-cv-00047-JFJ (N.D. Okla.); *City of Ponca City v. Purdue Pharma L.P. et al.*, No. 5:19-cv-00160-SLP (W.D. Okla.); *City of Guthrie v. Purdue Pharma L.P. et al.*, No. 5:19-cv-00158-F (W.D. Okla.); *City of Ada v. Purdue Pharma L.P. et al.*, No. 6:19-cv-00034-SPS (E.D. Okla.); *City of Edmond v. Purdue Pharma L.P. et al.*, No. 5:19-cv-00149-HE (W.D. Okla.); *City of Lawton v. Purdue Pharma L.P. et al.*, No. 5:19-cv-00078-D (W.D. Okla.); *City of Oklahoma City v. Purdue Pharma L.P. et al.*, No. 5:19-cv-00078-G (W.D. Okla.).   These suits were removed based on a jurisdictional theory that is materially identical to the one at issue in this case—namely, severance of dispensable and unnecessary parties pursuant to Federal Rule of Civil Procedure 21 and the doctrine of fraudulent misjoinder.   In *Delaware*, *Osage*, and *Pawnee*, the court recognized the significant efficiencies to be gained by allowing the MDL Court to uniformly decide similar jurisdictional questions and entered orders staying the cases pending a final decision on transfer from the JPML.   *Bd. of Cty. Commissioners of Osage Cty. v. Purdue Pharma L.P.*, No. 18-CV-461-GKF-JFJ, 2018 WL 5973761, at \*2 (N.D. Okla. Nov. 14, 2018*); Bd. of Cty. Commissioners of Pawnee Cty. v. Purdue Pharma L.P.*, No. 18-CV-459-GKF-FHM, 2018 WL 5973752, at \*3 (N.D. Okla. Nov. 14, 2018); *Bd. of Cty. Commissioners of Delaware Cty. v. Purdue Pharma L.P.*, No. 18-CV-0460-CVE-JFJ, 2018 WL 5307623, at \*2 (N.D. Okla. Oct. 26, 2018).

Minute Entry Staying Case); *Robinson Rancheria v. McKesson Corporation et al.*, No. 3:18-cv-02525-VC (N.D. Cal.), Doc. 23 (July 16, 2018 Order Granting Motions to Stay); *Polk County v. Purdue Pharma L.P. et al.*, No. 8:18-cv-1814-VMC-AAS (M.D. Fla.), Doc. 3 (July 27, 2018 Order Staying Case); *County of Floyd v. Purdue Pharma L.P. et al.*, No. 7:17-cv-00186-GFVT (E.D. Ky.), Doc. 18 (Jan. 22, 2018 Order Granting Stay).   This Court should do the same here.

## BACKGROUND

6.     On February 25, 2019, Plaintiff, Board of County Commissioners of Haskell County, filed a Petition in the District Court of Haskell County, Oklahoma, against the following defendants:

a.     "Manufacturer Defendants" — Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Cephalon, Inc.; Teva Pharmaceutical Industries Ltd. (incorrectly named as "Teva Pharmaceutical Industries, Ltd." in the Petition); Teva Pharmaceuticals USA, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Actavis Pharma, Inc.; Watson Pharma, Inc.; Watson Laboratories, Inc.; Actavis LLC; Mallinckrodt plc; Mallinckrodt LLC; and Insys Therapeutics, Inc.

b.     "Distributor Defendants" — McKesson Corp.; Cardinal Health, Inc.; AmerisourceBergen Drug Corp.; Anda Pharmaceuticals, Inc.; Anda, Inc.; GCP Pharma, LLC ("GCP"); Keysource Medical, Inc.; Morris & Dickson Co, LLC; Quest Pharmaceuticals, Inc.; The Harvard Drug Group, LLC; Physicians Total Care, Inc ("PTC"); CVS Health Corporation; CVS

Pharmacy, Inc.; Oklahoma CVS Pharmacy, LLC; and Walgreens Boots Alliance, Inc. a/k/a Walgreen Co..

      c.    "Physician Defendants" —Perry Fine, M.D.; and Lynn Webster, M.D.

7.    The thrust of this Petition—like the others in the MDL—is that the Manufacturer Defendants and Physician Defendants engaged in a marketing and promotional campaign that misrepresented the risks and benefits of FDA-approved prescription opioid medications.  (Pet. ¶¶ 4, 81-163.)  Specifically, Plaintiff alleges that the Manufacturer Defendants "embarked upon a campaign of false, deceptive, and unfair assurances grossly understating and misstating the dangerous addiction risks of the opioid drugs," (*id.* ¶ 127), and enlisted the Physician Defendants, who were "key opinion leaders" in their field, "to convince both doctors and patients that opioids were safe for the treatment of chronic pain" (*id.* ¶ 82).   All of the Manufacturer Defendants and Physician Defendants are citizens of states or foreign states other than Oklahoma.  (*Id.* ¶¶ 14-30, 56-57.)

8.    Plaintiff's allegations against the Distributor Defendants center on entirely different alleged conduct.  Plaintiff alleges that the Distributor Defendants failed in their duty to "detect, investigate, refuse to fill, and report suspicious orders of prescription opioids," (*id.* ¶ 164), and "negligently or intentionally failed to adequately control their supply lines to prevent diversion" (*id.* ¶ 184).   Two of the Distributor Defendants—GCP and PTC—are citizens of Oklahoma.  (*Id.* ¶¶ 41, 51.)   The rest are citizens of states other than Oklahoma.  (*Id.* ¶¶ 31-40, 42-50, 52-55.)

9.    The Petition asserts six counts against "all Defendants," though each claim rests almost entirely on alleged conduct involving the Manufacturer and Physicians Defendants, on the one hand, and the Distributor Defendants, on the other:   (1) public nuisance under 50 O.S. § 2;

(2) fraud; (3) negligence and negligent misrepresentation; (4) civil conspiracy; (5) unjust enrichment; and (6) punitive damages.   (Pet. ¶¶ 213-252.)

10.     Actavis Pharma received the Petition through service on July 29, 2019.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Actavis Pharma is attached hereto as **Exhibit 1**.   A copy of the state court docket, as well as all papers filed in the state court action, is attached hereto as **Exhibits 2-13.**

**VENUE AND JURISDICTION**

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 116, 1391, 1441(a), and 1446(a) because the District Court of Haskell County, Oklahoma, where the Petition was filed, is a state court within the Eastern District of Oklahoma.

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

I.     **THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL PROPERLY JOINED DEFENDANTS**

13.     There is complete diversity of citizenship here because Plaintiff is an Oklahoma citizen and all of the Manufacturer and Physician Defendants are citizens of states or foreign states other than Oklahoma, *see infra* Part I.A; and the citizenship of the Distributor Defendants is irrelevant for purposes of diversity jurisdiction, *see infra* Part I.B.   This is because the Distributor Defendants are severable under Federal Rule of Civil Procedure 21 and fraudulently misjoined.

A.      **Plaintiff Is Diverse from All Manufacturer and Physician Defendants**

      1.      **Plaintiff Is a Citizen of Oklahoma**

14.      Plaintiff is an Oklahoma citizen for purposes of diversity jurisdiction.   *See Moor v. Alameda Cty.*, 411 U.S. 693, 721 (1973) (holding that Alameda County is a California citizen for purposes of diversity jurisdiction); *Branch Banking & Trust Co. v. Bixby Inv'rs, L.P.*, No. 11-CV-0358-CVE-TLW, 2011 WL 4348212, at *2 (N.D. Okla. Sept. 16, 2011).

      2.      **The Manufacturer and Physician Defendants Are Not Oklahoma Citizens**

15.      For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."   28 U.S.C. § 1332(c)(1).   A partnership is a citizen of every state in which its partners are citizens.   *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990).   A limited liability company is a citizen of every state in which its members are citizens.   *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

16.      Applying these principles, none of the Manufacturer or Physician Defendants is a citizen of Oklahoma.

17.      Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.   (Pet. ¶ 22.)

18.      Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.   (*Id.*)

19.      Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are citizens of Oklahoma.   Its partners are citizens of New

York, Connecticut, Delaware, Florida, the British Virgin Islands, and Jersey, Channel Islands. (*See id.* ¶ 15.)

20.     Defendant Purdue Pharma Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.   (*Id.*)

21.     Defendant The Purdue Frederick Company Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.   (*Id.*)

22.     Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania.   (*Id.* ¶ 17.)

23.     Defendant Teva Pharmaceutical Industries, Ltd is an Israeli corporation with its principal place of business in Petah Tikva, Israel.   (*Id.*)

24.     Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania.   (*Id.*)

25.     Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.   (*Id.* ¶ 20.)

26.     Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey.   (*Id.*)

27.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc., now known as Janssen Pharmaceuticals, Inc., is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.   (*Id.*)

28.     Defendant Janssen Pharmaceutica, Inc., now known as Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey. (*Id.*)

29.     Defendant Allergan plc f/k/a Actavis plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland.   (*Id.* ¶ 24.)

30.     Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company.   Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Madison, New Jersey.

31.     Defendant Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. is a corporation organized under the laws of Delaware with its principal place of business in New Jersey.   (*Id.*)

32.     Defendant Watson Laboratories, Inc. is a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey.

33.     Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*Id*.)   Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware.   Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey.   (*See id*.)

34.     Defendant Mallinckrodt plc is a corporation organized under the laws of Ireland with its principal place of business in Staines-upon-Thames, United Kingdom.   (*Id.* ¶ 26.)

35.     Defendant Mallinckrodt LLC is a limited liability company organized under the laws of Delaware, none of whose members are citizens of Oklahoma.   Mallinckrodt LLC's sole member is Mallinckrodt Enterprises LLC.   Mallinckrodt Enterprises LLC's members are Mallinckrodt Enterprises Holdings, Inc., a California corporation with its principle place of business in Missouri; Ludlow Corporation, a Massachusetts corporation with its principle place of business in Missouri; and Mallinckrodt ARD Finance LLC. Mallinckrodt ARD Finance LLC's

sole member, Mallinckrodt ARD Inc., is a California corporation with its principle place of business in New Jersey.

36.     Defendant Insys Therapeutics, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Chandler, Arizona.   (*Id.* ¶ 28.)

37.     Defendant Perry Fine is a resident of Utah.   (*Id.* ¶ 56.)

38.     Defendant Lynn Webster is a resident of Utah.   (*Id.* ¶ 57.)

39.     Accordingly, all of the Manufacturer and Physician Defendants are citizens of a state or foreign state other than Oklahoma.

**B.     The Citizenship of the Distributor Defendants Should Be Ignored**

**1.     The Distributor Defendants Should Be Severed Under Rule 21**

40.     Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants are severable under Federal Rule of Civil Procedure 21.   Defendants are severable under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently distinct from claims against other defendants under Rule 20.   Here, the Distributor Defendants should be severed on both grounds, each of which preserves diversity jurisdiction as to the Manufacturer and Physician Defendants.[2]

41.     "[I]t is well-settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time [to preserve diversity jurisdiction.]" *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998) (alterations in original) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).   Courts in this

---

[2]  Though only two Distributor Defendants (GCP and PTC) are non-diverse, the Court should sever all of the Distributor Defendants because of the common factual allegations underlying the claims against those Defendants.

Circuit thus have held that "[w]hen a non-diverse defendant threatens to destroy federal jurisdiction in a given case, the court can sever and dismiss that defendant without necessarily dismissing the entire case." *Brin v. ACI Motor Freight, Inc.*, No. 13-cv-02035-RBJ, 2014 WL 1664889, at *2 (D. Colo. Apr. 23, 2014) (citing Fed. R. Civ. P. 21); *Jones v. Masterson*, No. 17-cv-00188-RBJ, 2017 WL 2532044, at *2-3 (D. Colo. June 12, 2017) (severing claims against non-diverse, dispensable defendant, and denying plaintiff's remand motion as to claims asserted against diverse defendant).

42.     *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009), is particularly instructive.   There, the plaintiffs, citizens of Louisiana, brought a products liability action against the out-of-state manufacturer of the drug Heparin.   *Id.* at 870.   Before the case was removed, the plaintiffs amended their complaint to add as defendants various non-diverse healthcare provider companies, alleging that they engaged in "negligent acts and omissions in the administration of Heparin." *Id.* at 871.   Despite the addition of these non-diverse healthcare provider defendants, the district court denied remand as to the diverse manufacturer defendant.

43.     The court reasoned that the healthcare provider defendants were "not necessary parties as the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim against [the manufacturer]." *Id.* at 872.   The medical malpractice claims against the healthcare providers "differ from the [plaintiffs'] products liability claim" against the manufacturer. *Id.*   And, the court explained, the healthcare provider defendants were dispensable because the plaintiffs "retain an adequate remedy against the Healthcare Defendants as they can proceed with their claims in state court." *Id.* at 873.   Given the separate factual basis for plaintiffs' medical malpractice claims against the healthcare providers, the court found that it could

"sever them from the claims against [the manufacturer], and in doing so, perfect diversity jurisdiction over [the manufacturer]."   *Id.* at 874.

44.    Numerous other courts have followed the same approach.   *See, e.g.*, *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 705-07 (D. Md. 2015); *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3-4 (N.D. Ohio July 8, 2009); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20, 2012).

45.    Under a straightforward application of Rule 21, this Court should sever the Distributor Defendants as unnecessary and dispensable to perfect diversity jurisdiction.   Alleged joint tortfeasors like the Distributor Defendants are unnecessary parties as a matter of settled law. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990) (holding that joint tortfeasors are not necessary parties under Rule 19); *Brin*, 2014 WL 1664889, at *4 ("Because Mr. Stiefvater, as a party with potential several liability arising out of this car accident, is not a required party under . . . Rule 19 . . . [h]e is dismissed . . . in order to preserve diversity."); *Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F. Supp. 2d 1131, 1142 (N.D. Okla. 2001) ("It is a well-settled rule that a joint tortfeasor is not a necessary party under Rule 19(a) to an action against another party with similar liability.").

46.    Moreover, just like *Baxter* (and many other cases) in which the plaintiff's claims against the diverse defendants and non-diverse defendants were materially distinct, here Plaintiff's claims against the Manufacturer and Physician Defendants are materially distinct from those against the Distributor Defendants.   Specifically, Plaintiff alleges that the Manufacturer and

Physician Defendants misrepresented the risks and benefits of FDA-approved prescription opioid medications in marketing the medications as part of a coordinated campaign to deceive doctors and patients.   (Pet. ¶¶ 4, 81-163.)   By contrast, Plaintiff alleges that the Distributor Defendants failed in their duty to monitor and report suspicious orders of opioid medications.   (*Id.* ¶¶ 164, 184.)   There is no material overlap between the factual allegations against the Manufacturer and Physician Defendants, on the one hand, and the Distributor Defendants, on the other hand, as would make the Distributor Defendants necessary or indispensable under Rule 19.   Just like the non-diverse healthcare providers in *Baxter*, the Distributor Defendants here are "not necessary . . . as the resolution of a claim against them would not necessarily resolve the . . . claim[s] against" the diverse Defendants.   614 F. Supp. 2d at 872.

47.     Beyond Rule 19, the claims against the Distributor Defendants are also misjoined under Rule 20, which provides a distinct basis for severance.   Rule 21 permits severance of claims against non-diverse defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against diverse defendants.   Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) ("Rule 21 is a mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a)." (citation omitted)).   Courts in this Circuit and other circuits have repeatedly denied remand as to diverse defendants and severed claims against non-diverse defendants where the claims against the non-diverse defendants arose from different transactions or occurrences.[3]   Because of the distinct factual underpinnings of the

---

[3] *See, e.g.*, *Loeffelbein*, 2003 WL 21313957, at *6; *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 502–05 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683–84 (D. Nev. 2004); *Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL 4489620, at *6–7 (E.D. La. Sept. 10, 2014);

claims against the different sets of defendants here, these claims cannot properly be joined together.

48.     Severance is particularly appropriate here because it will enable the diverse parties to benefit from the significant efficiencies stemming from participation in coordinated MDL proceedings in the Northern District of Ohio.   Courts across the country have repeatedly recognized the importance of these efficiencies in severing non-diverse defendants to perfect diversity jurisdiction.   *E.g.*, *Sullivan*, 117 F. Supp. 3d at 707 ("Severance is particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse manufacturer] to Multi-District Litigation."); *Sutton*, 251 F.R.D. at 505 ("Plaintiffs' claims against the [non-diverse] Defendants are severed and remanded pursuant to Rule 21 . . . so as to preserve the removing Defendants' right to removal in the remaining multidistrict action and preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum."); *Baxter*, 614 F. Supp. 2d at 873 ("[P]laintiffs will benefit from the MDL process:  they will not bear the burden of having to engage on their own, and at their sole expense, in discovery vis-à-vis [the diverse manufacturer]."); *Mayfield*, 2015 WL 3440492, at *5 ("[I]f the surviving federal claims are transferred to the Ethicon MDL, the prospect of dual litigation has undeniable upside.").

49.     As one court explained in materially identical circumstances, "[t]he Court's decision to sever . . . [the non-diverse healthcare provider] will not greatly prejudice [plaintiff], but failure to do so could subject [the diverse manufacturer] to considerable prejudice.   [Plaintiff] will be forced to pursue two separate suits, but it will not alone bear the administrative and financial

---

*Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

burdens of pursuing its claim against [the manufacturer] in the MDL proceedings.  For its part, [the manufacturer] could be exposed to numerous related suits if courts considering suits similar to this one refused to sever claims against [the manufacturer] from those against the providers that prescribed [the drug]."   *Cooke-Bates*, 2010 WL 3984830, at *4 (internal citations omitted).

50.     That Plaintiff asserts causes of action against "all Defendants" changes nothing. Severance is appropriate because the *factual basis* for Plaintiff's claims against the Manufacturer and Physician Defendants (alleged misrepresentations in marketing and promoting opioid medications) is separate and distinct from the factual basis giving rise to Plaintiff's claims against the Distributor Defendants (failure to monitor and report suspicious order of opioid medications). *See Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a)."). If Plaintiff wants to pursue claims against the Distributor Defendants, Plaintiff has an adequate remedy in state court.   *See Baxter*, 614 F. Supp. 2d at 872.

## 2.     The Distributor Defendants Are Also Fraudulently Misjoined

51.     As an alternative to severance under Rule 21, the citizenship of the Distributor Defendants should be ignored for purposes of diversity jurisdiction under the fraudulent misjoinder doctrine.   Fraudulent misjoinder, sometimes called procedural misjoinder, "occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action."

*Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. Aug. 19, 2010) (internal quotation marks and citation omitted); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

52.     This Court has severed non-diverse defendants using the doctrine of fraudulent misjoinder where, as here, "there are no questions of law or fact common to all Defendants that will arise in the action."   *Bunnell v. Oklahoma MH Properties, LP*, No. CIV-12-372-R, 2012 WL 12863916, at *1 (W.D. Okla. May 11, 2012) (applying fraudulent misjoinder doctrine to sever non-diverse defendants).   As explained above, Plaintiff's claims against the Distributor Defendants arise from different transactions or occurrences than, and are thus misjoined with, the claims against the Manufacturer and Physician Defendants.

53.     In opioid-related cases like this one, federal district courts have relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse physician defendants and deny remand based on diversity jurisdiction.   *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017); *but see Brooke Cty. Comm'n et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00009 (N.D. W. Va.), Doc. 23 (Feb. 23, 2018 Order).

54.     Even if the Court finds that the Distributor Defendants are not subject to severance under Rule 21, it should find the claims against the Distributor Defendants to be misjoined under the fraudulent misjoinder doctrine.

## II.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

55.      "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).   "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id.* at 553.   In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages.  *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003).

56.      Here, Plaintiff asserts that it spends "substantial amounts annually to provide and pay for a wide range of services to its residents" and "[i]n recent years, more of those resources have gone to battling the opioid epidemic as a direct result of the actions of Defendants."  (Pet. ¶ 1.)   Plaintiff alleges that it has "suffered actual injury and economic damages including, but not limited to, significant expenses for police, emergency, health, prosecution, social services and other services, [and] lost tax revenue," as well as "significant costs related to healthcare, undermining the economic productivity of its residents, and the harming of the long-term health and welfare of the people of Haskell County."  (*Id.* ¶¶ 220, 230.)   Plaintiff seeks compensatory damages for "its actual damages" and "future costs," as well as punitive damages.  (*Id.* Prayer for Relief ¶¶ i-iii.)   It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

III.     ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

A.     **This Notice of Removal Is Timely**

57.     This Notice of Removal is timely filed.  Actavis Pharma received the Petition through service on July 29, 2019.  Because Actavis Pharma filed the Notice of Removal on August 26, 2019, removal is timely.  *See* 28 U.S.C. § 1446(b)(1).

B.     **All Properly Joined and Served Defendants Consent to Removal**

58.     For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

59.     The following properly served Defendants consent to removal, as indicated by their signing below: Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Actavis LLC; Actavis Pharma, Inc.; Actavis LLC; Cephalon, Inc.; Teva Pharmaceuticals USA, Inc.; Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Mallinckrodt LLC; Watson Laboratories, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. The Defendants listed in this paragraph expressly reserve, and do not waive, all available defenses, including lack of personal jurisdiction.

60.     The following Defendants have not been served or properly served, and thus their consent to removal is not required: Mallinckrodt plc [4]; Teva Pharmaceutical Industries Ltd.;[5] Insys

---

[4] Allergan plc f/k/a Actavis plc and Mallinckrodt plc are Irish corporations, and dispute that they have been served or served properly. They nevertheless consent to removal out of an abundance of caution and expressly reserve all rights and defenses including those related to personal jurisdiction and service of process.
[5] Teva Pharmaceutical Industries Ltd. ("Teva Ltd") is a foreign company and it is not subject to personal jurisdiction in the United States. Teva Ltd. expressly reserves all defenses, including those related to personal jurisdiction and service of process.

Therapeutics, Inc.[6]; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc, Perry Fine, M.D. and Lynn Webster, M.D. Nevertheless, they consent to removal. The Defendants listed in this paragraph expressly reserve, and do not waive, all available defenses, including lack of personal jurisdiction.

61.     The Distributor Defendants are not properly joined in this action, and thus their consent to removal is not required.

62.     By filing this Notice of Removal, neither Actavis Pharma nor any other defendant waives any defense that may be available to them and reserves all such defenses, including but not limited to lack of personal jurisdiction.   If any question arises as to the propriety of the removal to this Court, Actavis Pharma requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Actavis Pharma hereby removes this action from the District Court of Haskell County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma.


DATED: August 26, 2019                 /s/   Robert G. McCampbell
                                       Robert G. McCampbell, OBA No. 10390
                                       Ashley E. Quinn, OBA No. 33251

---

[6] On June 10, 2019, Insys Therapeutics, Inc. and its affiliates each filed a voluntary case under chapter 11 of United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, which cases are being jointly administered under Case No. 19-11292 (KG).   Also on June 10, 2019, Insys filed a motion for preliminary injunction seeking an order staying certain active cases in which Insys had already been served, to the extent not already stayed by the automatic stay.   On July 2, 2019, the Bankruptcy Court stayed all actions that were the subject of the preliminary injunction motion, except for actions in which certain plaintiffs resolved the motion with Insys prior to July 2, 2019.   Insys may seek to stay this action through the Bankruptcy Court absent the dismissal of this action or the entry of a stay in this action. Insys also has not been served.   Nevertheless, to otherwise preserve and without waiving any of Insys's rights, and out of an abundance of caution, Insys consents to removal.

GABLEGOTWALS
One Leadership Square, 15th Fl.
211 North Robinson
Oklahoma City, OK 73102-7255
T: 405.235.5567
RMcCampbell@gablelaw.com
aquinn@gablelaw.com

Harvey Bartle, IV*
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, New Jersey 08540-6241
T: 609.919.6685
F: 609.919.6701

Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
T: 215.963.5000
F: 215.963.5001

Brian M. Ercole*
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
T: 305.415.3000
F: 305.415.3001

*denotes national counsel who will seek pro hac vice admission*

*Attorney for Defendants:*
TEVA PHARMACEUTICALS USA, INC.,
CEPHALON, INC., ACTAVIS LLC, WATSON
LABORATORIES, INC., and ACTAVIS
PHARMA, INC. f/k/a WATSON PHARMA, INC.

Consent to removal on behalf of Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO
PHARMACEUTICALS INC.


 /s/    *Ray E. Zschiesche*
Ray E. Zschiesche
PHILLIPS MURRAH [11587]
101 N. Robinson Ave.
Oklahoma City, OK 73102
(405) 235-4100
rezschiesche@phillipsmurrah.com

John Lombardo*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
John.Lombardo@arnoldporter.com

*\* denotes national counsel who will seek pro hac
vice admission*

Consent to removal on behalf of Defendants PURDUE PHARMA L.P.; PURDUE PHARMA INC.; and THE PURDUE FREDERICK COMPANY INC.:


 /s/   *Sanford C. Coats*
SANFORD C. COATS, OBA #18268
JOSHUA D. BURNS, OBA #32967
CROWE & DUNLEVY, P.C.
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
sandy.coats@crowedunlevy.com
joshua.burns@crowedunlevy.com

Mark S. Cheffo*
Jonathan S. Tam*
DECHERT, LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Tel: (212) 698-3500
Fax: (212) 698-3599
mark.cheffo@dechert.com
jonathan.tam@dechert.com

*\* denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; and JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.:

*/s/   John H. Sparks*
John H. Sparks, OBA No. 15661
Michael W. Ridgeway, OBA No. 15657
ODOM, SPARKS & JONES PLLC
HiPoint Office Building
2500 McGee Drive Ste. 140
Norman, OK 73072
Telephone: (405) 701-1863
Facsimile: (405) 310-5394
Email: sparksj@odomsparks.com
Email: ridgewaym@odomsparks.com

Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com

*\* denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant MALLINCKRODT LLC; APPEARING SPECIALLY FOR MALLINCKRODT PLC.:

*/s/ Jon Epstein*
Jon Epstein, OBA #13274
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
100 North Broadway, Suite 2900
Oklahoma City, OK   73102-8865
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: jepstein@hallestill.com

Rocky C. Tsai*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
Telephone:  (415) 315-6300
Facsimile:  (415) 315-6350
Email:  Rocky.Tsai@ropesgray.com

*\* denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant INSYS
THERAPEUTICS, INC.:

*/s/ Joe M. Hampton*
JOE M. HAMPTON, OBA No. 11851
AMY J. PIERCE, OBA No. 17980
Hampton Barghols Pierce, PLLC
Oklahoma Tower, Suite 2700
210 W. Park Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 600-9225
Facsimile: (405) 600-6851

Consent to removal on behalf of Defendants PERRY FINE, M.D. and LYNN WEBSTER, M.D.:


/s/   *Robert A. Bragalone*
Robert A. Bragalone, OBA #31898
GORDON & REES
101 Park Avenue, Suite 1300
Oklahoma City, OK   73102
214-231-4714 (Direct Dial)
214-461-4053 (Direct Fax)
bbragalone@grsm.com